PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | CASE NO.  1:21CR288 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| KELLY MARESH, | ) | |
| | ) | **ORDER** |
| Defendant. | ) | [Resolving ECF No. 43] |

Pending before the Court is Defendant Kelly Maresh's *pro se* Emergency Motion for

Compassionate Release/Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A) (ECF No.

43).[1]  The Government filed a response in opposition to the Motion for Compassionate Release.

ECF No. 46.  The Court has reviewed the parties' filings, exhibits, and the applicable law.  For

the reasons stated below, Defendant's Motion is denied.

## I. Background

On February 22, 2022, Defendant Kelly Maresh was sentenced to 60 months of

incarceration as to Count 1 of the indictment.  Count 1 of the Indictment charged Defendant with

possession with the intent to distribute methamphetamine pursuant to 21 U.S.C. § 841(a)(1).

---

[1] The Court appointed a Federal Public Defender to assist with Defendant's request
for compassionate release on December 5, 2022.  The appointed counsel reviewed
Defendant's case and filed a Notice of No Intent to Supplement Filing and Motion to
Withdraw as counsel.  ECF No. 44.

(1:21CR288)

Upon release from incarceration, Defendant is to serve a 5-year term of supervised release. Defendant Maresh is currently 51 years old and is serving his sentence at FCI Morgantown.[2]

Defendant seeks compassionate release on the grounds that he is immunocompromised and faces a significant risk of complications from COVID-19. Defendant also argues that his age, characteristics, debilitating medical conditions, and rehabilitation efforts reduce his risk to the community. The Government recognizes that Defendant has undergone a splenectomy which makes him more susceptible to serious complications from COVID-19; however, the Government notes that Defendant refused the COVID-19 vaccine when he was offered one on May 4, 2022. Additionally, the Government argues that the § 3553(a) factors strongly counsel against his release.

## II. Analysis

"Title 18 U.S.C. § 3582(c)(1)(A) allows courts, when 'warrant[ed]' by 'extraordinary and compelling reasons[,]' to reduce an incarcerated person's sentence." *United States v. McCall*, 20 F.4th 1108, 1111 (6th Cir. 2021) (quoting *United States v. Jones*, 980 F.3d 1098, 1104 (6th Cir. 2020). "This is known as 'compassionate release,' and although it has existed since 1984, courts 'rarely considered' motions until 2018 because [before then] 'a court [could] grant relief *only*'"

---

[2] Defendant's anticipated release date is March 26, 2025. *See Inmate Locator*, https://www.bop.gov/inmateloc/ (last visited Apr. 7, 2023). FCI Morgantown is a minimum security federal correctional institution that currently houses 526 inmates. *See FMC Morgantown*, https://www.bop.gov/locations/institutions/mrg/ (last visited Apr. 7, 2023). As of April 7, 2023, there are no inmates or staff members with confirmed cases of COVID-19 at FCI Morgantown. *See COVID-19 Coronavirus*, https://www.bop.gov/coronavirus/ (last visited Apr. 7, 2023). No inmates and no staff members have died from COVID-19, and 151 inmates and 102 staff members have recovered from COVID-19 at FCI Morgantown. *Id.* 628 inmates and 101 staff members are fully vaccinated at FCI Morgantown. *Id.*

(1:21CR288)

on a motion by the Federal Bureau of Prisons ("BOP").  *McCall*, 20 F.4th at 1111 (quoting

*United States v. Ruffin*, 978 F.3d 1000, 1003 (6th Cir. 2020)).  In 2018, the First Step Act

revised § 3582, allowing incarcerated persons to file motions for compassionate release in

federal court without BOP approval after either exhausting the BOP's administrative process, or

waiting at least thirty days for a response from their warden.  *McCall*, 20 F.4th at 1111

(citing *Jones*, 980 F.3d at 1105).  "This procedural change, paired with COVID-19's devastating

surge through our nation's prisons, has caused a sharp increase in both filings and grants

of compassionate-release motions."  *McCall*, 20 F.4th at 1111 (citing *Jones*, 980 F.3d at 1105).

"A court may grant compassionate release when it finds three requirements are satisfied."

*McCall*, 20 F.4th at 1111.  "First, the court must 'find[ ]' that 'extraordinary and compelling

reasons warrant' a sentence reduction."  *Id.* (citing *Jones*, 980 F.3d at 1107-08).  "Second, the

court must 'find[ ]' that 'such a reduction is consistent with *applicable* policy statements issued

by the Sentencing Commission.'"  *McCall*, 20 F.4th at 1111 (citing *Jones*, 980 F.3d at

1108).  United States Sentencing Guideline ("USSG") § 1B.13 "is not an 'applicable' policy

statement in cases which incarcerated persons file their own motions in district court for

compassionate release," so district courts "may skip step two of the § 3582(c)(1)(A) inquiry."

*United States v. Pegram*, 843 F. App'x 762, 764 (6th Cir. 2021) (citing *Jones*, 980 F.3d at 1101,

1111).[3]  "Third, the court must 'consider any applicable § 3553(a) factors and determine

whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole

---

[3] At this writing, the United States Sentencing Commission is fully staffed, after a long hiatus, and is currently considering modifications to outdated § 1B1.13.  *See U.S. Sentencing Commission to Implement First Step Act With Focus on Compassionate Release*,  https://www.ussc.gov/about/news/press-releases/october-28-2022  (last visited Apr. 5, 2023); *cf. Jones*, 980 F.3d at 1109 (explaining that "the Commission has not updated § 1B1.13 since the First Step Act's passage in December 2018").

(1:21CR288)

or in part under the particular circumstances of the case.'"  *McCall*, 20 F.4th at 1111 (citing

*Jones*, 980 F.3d at 1108).  "[D]istrict courts may deny compassionate-release motions when any

of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the

others."  *United States v. Owens*, 996 F.3d 755, 759 (6th Cir. 2021) (quoting *United States v.*

*Elias*, 984 F.3d 516, 519 (6th Cir. 2021)).

### A.  Exhaustion

A criminal defendant is permitted to file a motion for compassionate release only after

"the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to

bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a

request by the warden of the defendant's facility, whichever is earlier[.]"  18 U.S.C.

§ 3582(c)(1)(A).  On September 20, 2022, the warden denied Defendant's compassionate release

request.  This Motion for compassionate release came after the expiration of the mentioned 30-

day period.  Defendant, therefore, has exhausted his administrative rights in this case.

### B.  Extraordinary and Compelling Reasons

The Court has full discretion "to determine whether an 'extraordinary and compelling'

reason justifies compassionate release when an imprisoned person files a § 3582(c)(1)(A)

motion."  *Jones*, 980 F.3d at 1109.  § 1B1.13 of the United States Sentencing Guidelines

contemplates serious medical conditions and other reasons in its definition of "extraordinary and

compelling reason."  Defendant argues that his immunocompromised status and the risk of

severe complications from COVID-19 are extraordinary and compelling reasons that warrant his

compassionate release.

Although an increased risk of COVID-19 is a portion of the extraordinary and compelling

reasons analysis, the presence of a medical diagnosis that leads to an increased risk of severe

4

(1:21CR288)

illness does not automatically constitute an extraordinary and compelling reason for release.

When determining whether extraordinary and compelling reasons for release exist, the Court

may look to guidance from the CDC. *See Elias*, 984 F.3d at 521. The current CDC guidance

notes that those who are "immunocompromised or have a weakened immune system because of

a medical condition or a treatment for a condition" can become very ill if they were to contract

COVID-19. *COVID-19, People with Certain Medical Conditions,*

https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-

conditions.html (last visited Apr. 7, 2023). Even so, "medically managed serious health

conditions, paired with a generalized fear of COVID-19, [fall] short of 'extraordinary and

compelling reasons' justifying compassionate release." *United States v. Huffaker*, No. 3:16-CR-

100, 2020 WL 5995499, at *3 (E.D. Tenn. Oct. 9, 2020) (citing *United States v. Peaks*, No. 16-

20460, 2020 WL 2214231, at *2 (E.D. Mich. May 7, 2020)).

Based on the facts alleged by Defendant, there is neither any indication that the BOP is

not effectively managing his health condition nor any evidence that FCI Morgantown is not

taking the BOP's suggested precautions to prevent widespread cases of COVID-19. Defendant

discusses the fact that FCI Morgantown did not begin implementing preventative COVID-19

measures until August 8, 2020. ECF No. 43 at PageID #: 200. Defendant was not committed

to federal prison until May 4, 2022, which is nearly two years after FCI Morgantown began to

implement the appropriate measures to prevent widespread COVID-19 cases. Although the risk

of serious COVID-19 complications has not been eradicated, the risk has been significantly

reduced for Defendant given the advisory measures that FCI Morgantown has implemented and

maintained. Furthermore, during Defendant's sentencing proceedings, the Court already

factored into its sentence the considerations regarding Defendant's health conditions. Defendant

(1:21CR288)

also declined to take advantage of precautionary measures available to him by refusing the

COVID-19 vaccine, despite being offered the vaccination on May 4, 2022.  Although Defendant

is within his rights to refuse vaccinations, he cannot persuasively argue that increased risks of

complications from COVID-19 is an extraordinary and compelling reason for his release if he

has not taken the available precautions to prevent such health risks.  Defendant's

immunocompromised condition is not an extraordinary and compelling reason to warrant

granting him compassionate release.

### C.  18 U.S.C. § 3553(a) Factors

Because Defendant has not provided "extraordinary and compelling" reasons

justifying compassionate release, the Court need not reach the specific application of the

18 U.S.C. § 3553(a) factors but does so to complete the record.

When imposing a sentence, the Court's task is to "impose a sentence sufficient, but

not greater than necessary, to comply with purposes of the statutory sentencing scheme."

*United States v. Presley*, 547 F.3d 625, 630–31 (6th Cir. 2008).  With this guidance in

mind, the Court finds that the progress Defendant has made towards rehabilitation does not

outweigh the other § 3553(a) factors that counsel against reducing his sentence.  *See*

*Concepcion v. United States*, 142 S. Ct. 2389, 2404–05 (2022) ("the First Step Act does

not require a district court to accept a movant's argument that evidence of rehabilitation . .

. counsel in favor of a sentence reduction").  The Court imposed a sentence within the

appropriate sentencing guidelines range, taking into account all the 18 U.S.C. § 3553(a)

factors, including his age, characteristics, health, and personal history.

In accord with 18 U.S.C. § 3553(a), the Court must analyze "the nature and

circumstances of the offense and the history and characteristics of the defendant," as well

6

(1:21CR288)

as what the Sixth Circuit has summarized as "the need to provide just punishment, the need to reflect the seriousness of the offense, and the need to promote respect for the law." *United States v. Kincaid*, 802 F. App'x 187, 188 (6th Cir. 2020).  The relevant factors in the case at bar are sections 3553(a)(1), 3553(a)(2)(A), a(2)(B), and a(2)(C).  Under § 3553(a)(1), the Court must consider the nature and circumstances of the offense and history and characteristics of the defendant.

Defendant pled guilty to possessing methamphetamine with the intent to distribute. This conviction came after a prior 2014 conviction in which Defendant was convicted of illegal assembly or possession of chemicals for the manufacturing of drugs.  Defendant purports that criminal conduct tends to diminish with age, which generally may be a true assertion.  In Defendant's case, however, he committed the crime for which he is currently incarcerated at the age of 49.  He filed this pending Motion less than one year into serving his current sentence at the age of 50.  Age clearly does not deter Defendant from committing crimes, and therefore, his age does not reduce his risk to the community. Defendant's sentence is no longer than required to respond to the danger Defendant posed by his criminality and the need to promote respect for the law and to protect society as required by § 3553(a)(2)(A)–(C).  Although Defendant may have some support in the community to which he plans to return post-incarceration and has taken steps towards rehabilitation while incarcerated, a further reduction to Defendant's sentence would defeat the overall sentencing purposes contemplated by § 3553(a).  Accordingly, the balance of

(1:21CR288)

the § 3553(a) factors strongly discourage any further adjustment to Defendant's thoughtfully imposed sentence.[4]

Additionally, early release is not warranted because Defendant still has over one year remaining on his sentence and there is no indication that FCI Morgantown is in the midst of a COVID-19 outbreak.  *United States v. Harris*, No. 4:18 CR 115, 2020 WL 4462256, at *3 (N.D. Ohio Aug. 4, 2020) (acknowledging that the 18 U.S.C. § 3553(a) factors generally "favor release when a high-risk defendant being held in a prison experiencing a severe COVID-19 outbreak has less than a year of their sentence remaining").  Consequently, any departure from the sentence the Court previously imposed would render said sentence insufficient.

### III. Conclusion

Finding that Defendant failed to establish the requisite factors for compassionate release, the Court denies Defendant's 43 Emergency Motion for Compassionate Release/Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A).


IT IS SO ORDERED.


April 7, 2023                                                    */s/ Benita Y. Pearson*
Date                                                              Benita Y. Pearson
                                                                  United States District Judge

---

[4] The Court also incorporates the analysis of the § 3553(a) factors that the Court indicated at sentencing.